IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------



DARRELL GUNN, 03-B-2443,

         Plaintiff,

      -VERSUS-

JOHN DOE, E-BLOCK THIRD TOUR 1st Officer
PATRICK LEON MCNEIL, Correction Officer,
PETERSON, Female Correction Officer,
KEITH SPOSATO, Correction Officer,
WESLEY, Correction Officer,

        Defendant(s),

COMPLAINT

CIVIL ACTION

**19 CV 11821**

CASE NO. :

JURY TRIAL
DEMANDED

------------------------------------

PRELIMINARY STATEMENT

This is a civil rights action filed

by Darrell Gunn, 03-B-2443, a state

Page 2

prisoner, for damages and injunctive relief under 42 U.S.C. Section 1983 alleging denied access to law library and have a fundamental right to access and use the court system in violation of the First Amendment, Fifth Amendment, and Fourteenth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

1.          Plaintiff institutes these proceedings and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. 1331 and 1343 (3) and (4). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Sections

2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.     The Court has supplemental jurisdiction over the plaintiff's state law tort claims under U.S.C. Sections 1346 (b) and 1367,

3.     The United States District Court, Southern District of New York is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

Page 4

## PLAINTIFF

4.    Plaintiff, Darrell Gunn, D.I.N. 03-B-2443, is a citizen of the United States of America and was at all times relevant herein a prisoner of the New York State Department of Corrections and Community Supervision, incarcerated at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, New York 10562.

## DEFENDANTS

5.    Defendant, JOHN DOE, Correction Officer, was at all times relevant

herein a duly appointed, qualified and acting Green Haven Correction Officer assigned to E-Block - Third Tour - First Officer of the New York State Department of Corrections and Community Supervision (hereinafter N.Y.S.D.O.C.C.S.).

6.    Defendant, Patrick Leon McNeil, Correction Officer, was at all time relevant herein a duly appointed qualified and acting Green Haven Correction Officer assigned to the law library of the N.Y.S.D.O.C.C.S.

7.    Defendant, Peterson,

Page 6

Female Correction Officer, was at all times relevant herein a duly appointed, qualified and acting Green Haven Correction Officer assigned to the law library of the N.Y.S.D.O.C.C.S.

8.    Defendant Keith Sposato, correction Officer was at all times relevant herein a duly appointed, qualified and acting Green Haven Correction Officer assigned to the law library of the N.Y.S.D.O.C.C.S.

9.    Defendant Wesley, correction Officer, was at all times

Page 7

relevant herein a duly appointed qualified and acting Green Haven Correctiona Officer assigned to E-Block of the N.Y.S.D.O.C.C.S.

10.    Defendant Department of Corrections and Community Supervision is and was at all times relevant herein a division of the government of New York State.

11.    Defendant(s) John Doe, Patrick Leon McNeil, Correction Officer, Peterson, female correction officer, Keith Sposato, correction officer, and Wesley, correction officer, are sued individually

Page 8

and in their official capacities. Relief is sought against each and all defendants as well as their agents, assistants, successor, employees and persons acting in concert or cooperation with them or at their direction or under Supervision.

12.    At all times relevant herein, the defendant(s) John Doe, Correction Officer, Patrick Leon McNeil, Correction Officer, Peterson, Female Correction Officer, Keith Sposato, Correction Officer, Wesley, Correction Officer, and their agents, assistants, and

Page 9

employees acted pursuant to the Policies, regulations or decisions officidly adopted or promulgated by those in the Department of Corrections and community supervision whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the Department of Corrections and Community Supervision.

13.    At all times relevant herein defendant (s) have acted under the color of authority of the law of New York state or in active concert with such defendant(s) who are so acting.

# FACTS

14.   That law library Coordinator has onerous rule that allows law library correction officer to take plaintiff off Call-out.

15.   Rather, than give plaintiff an law library make-up day call-out for when there's the announced and/or unannounced excused abscence due to sickcall, medical, clinic, visit, state shop, dental PSU, etc.

16.   That Keith Sposato, correction officer, retaliated against plaintiff for filing grievance complaint #GH-79421-15.

17.     That, here, Sposato, Correction Officer, removed plaintiff from the law library and ordered plaintiff to "show me the envelope these Court papers came in; I believe you typed these papers up yourself. They don't look legit!"

18.     That thereafter during D. Malark, Sergeant interview, Sposato, Correction Officer was ordered to replace plaintiff back on call-out that he removed plaintiff from. Hereupon, Sposato, Correction Officer required D. Malark, Sergeant to confiscate plaintiff's extended law library access call-out.

Page 12

19.     That without justification plaintiff was taken off his weekly scheduled Friday p.m. law library call-out.

20.     That without justification on March 23, 2017 Wesley, correction officer, with deliberate indifference plaintiff was denied law library and medication causing him to have panick attack.

21.     That without justification Patrick Leon McNeil on September 29, 2016 removed plaintiff from law library call-out, albert, on September 22, 2016, plaintiff went on a medical trip to Fishkill Correctional

Page 13

Facility (RMU) Regional Medical Unit.

22.     That plaintiff in May of 2016 and prior to that there has been a failure to provide plaintiff with writing paper, envelope, and pen.

23.     That Patrick Leon McNeil with deliberate indifference on August 29, 2016 denied plaintiff access to law library to file an appeal within 30 days in New York State Court of Claims.

24.     That Patrick Leon McNeil stated: "I cannot give you extended access to law library because N.Y.S. Court

Page 14

OF Claims is not considered a court deadline." Hereupon, plaintiff showed him the N.Y.S. Court of Claims Act Article 11 Statute Section 25.

25.    That Peterson, Female correction officer, denied plaintiff access to evening law library.

26.    That Peterson, Female correction officer stated: "Filing a Federal Habeas Corpus petition is past the deadline. I cannot give extended access to law library."

# EXHAUSTION OF LEGAL REMEDIES

27.      That plaintiff

DARRELL GUNN, 03B-2443 used the prisoner grievance procedure available at Green Haven Correctional Facility to try and solve the problem. On April 17, 2015 plaintiff DARRELL GUNN, 03-B-2443 presented the facts relating to this complaint. On May 28, 2015, plaintiff Darrell Gunn 03-B-2443 was sent a response saying that the grievance had beed denied. On June 4, 2015 he appealed the denial of the grievance, # GH-79421-15.

28.                    Plaintiff

Darrell Gunn 03-B-2443 used the prisoner

grievance procedure available at Green Haven

Correctional Facility to try and solve the problem.

On July 21, 2015 plaintiff Darrell Gunn 03-B-2443

presented the facts relating to this complaint. On

August 24, 2015 plaintiff Darrell Gunn 03-B-2443

was sent a response saying that the grievance

had been denied. On August, 31, 2015 he

appealed the denial of the grievance # GH-

80214-15

29.                    Plaintiff   Darrell

Gunn 03-B-2443 used the prisoner grievance procedure

Page 17

available at Green Haven Correctional Facility to try and solve the problem. On May 24, 2016 plaintiff Darrell Gunn 03-B-2443 presented the facts relating to this complaint. On August 22, 2016 plaintiff Darrell Gunn 03-B-2443 was sent a response saying that the grievance had been denied. On August 26, 2016 he appealed the denial of the grievance # GH-83066-16

30.    Plaintiff Darrell Gunn 03-B-2443 used the prisoner grievance procedure available at Green Haven Correctional Facility to try and solve the

Page 18

problem. On August 16, 2016 plaintiff Darrell Gunn 03-B-2443 presented the Facts relating to this complaint. On _____ plaintiff Darrell Gunn 03-B-2443 was sent a response saying the grievance had been denied. On _____ he appealed the denial of the grievance.#GH-83482-16 consolidated.

31.    Plaintiff Darrell Gunn 03-B-2443 used the prisoner grievance procedure available at Green Haven Correctional Facility to try and solve the problem. On October 5, 2016 plaintiff Darrell Gunn 03-B-2443 presented the

Page 19

Facts relating to this complaint. On January 11, 2017 plaintiff Darrell Gunn 03-B-2443 was sent a response saying the grievance had been denied. On November 23, 2016 he appealed the denial of the grievance # GH-84362-16.

32.      Plaintiff Darrell Gunn 03-B-2443 used the prisoner grievance procedure available at Green Haven Correctional Facility to try and solve the problem. On October 17, 2016 plaintiff Darrell Gunn 03-B-2443 presented the facts relating to this complaint. On February 13,

Page 20

2017 plaintiff Darrell Gunn 03-B-2443

was sent a response saying the grievance

had been denied. On February 20, 2017,

he appealed the denial of the grievance

# GH-84456-16.

33.          Plaintiff Darrell

Gunn 03-B-2443 used the prisoner grievance

procedure available at Green Haven Correctional

Facility to try and solve the problem. On April

26, 2017 plaintiff Darrell Gunn 03-B-2443

presented facts relating to this complaint.

On June 9, 2017 plaintiff Darrell Gunn

03-B-2443 was sent a response saying the

grievance had been denied. On June 20, 2017 he appealed the denial of the grievance GH-86359-17

34.    Plaintiff Darrell Gunn 03-B-2443 used the prisoner grievance procedure available at Green Haven Correctional Facility to try and solve the problem. On July 13, 2017 plaintiff Darrell Gunn 03-B-2443 presented the facts relating to this complaint. On September 8, 2017 plaintiff Darrell Gunn 03-B-2443 was sent a response saying the grievance had been denied. On _____ he appealed the

# LEGAL CLAIMS          Page 22

denial of the grievance GH87091-17

35.          Plaintiff reallege

and incorporate by reference paragraphs 1-32.

36.          That taking off

law library Friday A.M. call-out with

deliberate indifference, denied plaintiff

access to the Courts, among other things,

(2) two day - a - week maximum rotation limit

is insufficient to meet access to the court

needs. Violated plaintiff DARRELL GUNN rights

and Constituted "the right to petition the

For a redress of grievances" and "the

right to due process of law violation

Page 23

under the First, Fifth and Fourteenth Amendments to the United States OF America Constitution.

37. Plaintiff reallege and incorporate by reference paragraphs 1-32.

38. That Sposato, correction OFFicer, retaliated against plaintiff For Filing grievance complaint #GH-79421-15 an adverse action to denied access to law library plaintiff missed mandated court deadlines and statutory court deadlines combined violated plaintiff Darrell Gunn 03-B-2443 right and constituted the

right to petition the government for a redress of grievances and the right to due process of law violation under the First, Fifth and Fourteenth amendments to the United States Constitution.

39.     Plaintiff reallege and incorporate by reference paragraphs 1-32.

40.     That being denied writing materials (paper, pen, envelope) a protected conduct prevented access to courts, lawyers, Filing grievances and appeals violated plaintiff DARRELL GUNN,

Page 25

03B2443 rights and constituted the right to petition the government for a redress of grievance and the right to due process of law violation under the First, Fifth and Fourteenth Amendments to the United States constitution.

41.    Plaintiff reallege and incorporate by reference paragraphs 1-32.

42.    That Patrick Leon McNeil, correction officer stated; "I cannot give you extended access to law library because New York State Court

Page 26

OF Claims is not considered a Court deadline." An adverse action violated plaintiff Darrell Gunn's, 03-B-2443 protected conduct to meet New York State court of Claims deadline to File an appeal within 30 days Claim No. 125510 on August ■, 19, 2016 and rights and constituted the right to petition the government for a redress of grievance and the right to due process of the law violation under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

43.    Plaintiff reallege and incorporate by reference paragraphs 1-32.

44.    That Patrick Leon McNeil, correction officer with deliberate indifference falsdey accused plaintiff on September 22, 2016 - whom on medical trip- of unexcused absence. Then without justification removed plaintiff from September 29, 2016 Law Library P.M. call-out violated plaintiff Darrell Gunn's 03-B-2443 rights and constituted the right to petition the government for a redress of grievances and the right to due process of

Page 28

law violation under the First, Fifth, and Fourteenth Amendments of the United States Constitution.

45.    Plaintiff reallege and incorporate by reference paragraphs 1-32.

46.    That Wesley, Correction officer with deliberate indifference targeted plaintiff and began giving plaintiff a very hard time. By doing so, denied plaintiff evening law library and medication causing plaintiff to have a panic attack violated plaintiff Darrell Gunn's 03-B-2443 rights and constituted

Page 29

the right to petition the government for a redress of grievances and the right to due process of law violation under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

47.     Plaintiff reallege and incorporate by reference paragraph 1-32.

48.     That John Doe, E-Block First Correction Officer, on June 1, 2017 third tour denied plaintiff access to law library Subsequently causing him to miss Court deadlines and access to court violated Plaintiff

Darrell Gunn's 03-B-2443 rights and constituted

the right to petition the government for a redress

of grievances and the right to due process of

law violation under the First, Fifth and

Fourteenth Amendments to the United States

of America Constitution.

49. Plaintiff reallege and

incorporate by reference paragraphs 1-32.

50. That Peterson, Female

correction officer refused to allow plaintiff

access to evening law library call-out and gave

adverse action to Filing court deadline for

Federal writ of Certiorari and writ of Federal

Page 31

Habeas Corpus Section 2254 protected conduct violated plaintiff Darrell Gunn's 03-B-2443 rights constituted the right to petition the government for a redress of grievances and the right to due process of law violation under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

51.    That the plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendant unless this Court grants the declaratory and

Page 32

injunctive relief which Plaintiff seeks

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

52. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

53. A preliminary and permanent injunction ordering defendant's John Doe, E-Block-Third Tour-First correction officer, Patrick Leon McNeil, correction officer, Peterson, Female

Page 33

Correction Officer, Keith Sposato, correction officer, wesley, Correction officer to stop denying plaintiff law library and to stop allowing (2) two maximum day per week law library call-out rotation.

54.    Compensatory damages in the amount of $ 500,000 against each defendant, jointly and severally.

55.    Punitive damages in the amount of $ 500,000 against each defendant.

56.    A jury trial on all issues triable by jury.

57.    Plaintiff's costs in this suit.

56.      Any additional

relief this Court deems just, proper, and

equitable.

Dated:
        Ossining, New York

Respectfully Submitted

Darrell Gunn 03-B-2443
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

VERIFICATION

   I have read the foregoing complaint

and hereby verify that the matters alleged

Page 35

therein are true, except as to matters

alleged on information and belief; and, as

to those, I believe them to be true. I

certify under penalty of perjury that

the foregoing is true and correct.

Executed at Ossining, NY on

December 16, 2019.

*Darrell Gunn*
Darrell Gunn 03-B-2443

DARRELL GUNN 03-B-2443
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562-5442



NEOPOST
12/17/2019
US POSTAGE $007.10

NEOPOST
12/17/2019
US POSTAGE $000.75
ZIP 10562
041M11288353

ZIP 10562
041M11288353