UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



DARRELL GUNN,

                                    Plaintiff,

                    -against-

JOHN DOE, E-Block Third Tour 1st Officer;
PATRICK LEON McNEIL, Correction Officer;
PETERSON, Female Correction Officer;
KEITH SPOSATO, Correction Officer;
WESLEY, Correction Officer,

                                    Defendants.

7:19-CV-11821 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, who appears *pro se* and is presently incarcerated in the Sing Correctional

Facility, asserts claims under 42 U.S.C. § 1983 and state law. He sues identified and unidentified

correctional officials who were assigned to the Green Haven Correctional Facility while he was

incarcerated there. By order dated January 23, 2020, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

The Court directs service on Defendants McNeil, Peterson, Sposato, and Wesley. The

Court also directs the Attorney General of the State of New York to provide the identity, badge

number, and service address of the unidentified "John Doe" defendant.

## DISCUSSION

**A.      Service on the identified defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Defendants McNeil, Peterson, Sposato, and Wesley until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Defendants McNeil, Peterson, Sposato, and Wesley until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on Defendants McNeil, Peterson, Sposato, and Wesley within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants McNeil, Peterson, Sposato, and Wesley through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for Defendants McNeil, Peterson, Sposato, and Wesley, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

## B. The "John Doe" defendant

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant and a defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Correction and Community Supervision ("DOCCS") to provide the identity, badge number, and service address of the "John Doe" defendant. The "John Doe" defendant is a Correctional Officer who, on June 1, 2017, was assigned to the Green Haven Correctional Facility's "E-Block" as a "first officer" during the "third tour." It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity, badge number, and service address of the "John Doe" defendant who Plaintiff seeks to sue here. The Attorney General must provide this information to Plaintiff and the Court by March 27, 2020.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendant and listing that defendant's service address. The amended complaint will replace, not supplement, Plaintiff's complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly named defendant.

Plaintiff must notify the Court if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is also directed to issue summonses for Defendants McNeil, Peterson, Sposato, and Wesley; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the Attorney General of the State of New York at 28 Liberty Street, New York, New York 10005.

An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 27, 2020
          White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Patrick Leon McNeil, Correctional Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Correctional Officer Peterson
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Keith Sposato, Correctional Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Correctional Officer Wesley
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                   Middle Initial                   Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _____

First Name           Last Name           Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City           State           Zip Code

Defendant 2: _____

First Name           Last Name           Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City           State           Zip Code

Defendant 3: _____

First Name           Last Name           Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City           State           Zip Code

Defendant 4: _____

First Name           Last Name           Shield #

_____

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City           State           Zip Code

# V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____                    _____
Dated                                                              Plaintiff's Signature

_____
First Name                          Middle Initial               Last Name

_____
Prison Address

_____
County, City                                      State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____