```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DARRELL GUNN,                                              :
                          Plaintiff,                       :
                                                           :         ORDER OF SERVICE
v.                                                         :
                                                           :         19 CV 11821 (VB)
C.O. PATRICK LEON MCNEIL, C.O.                             :
PETERSON, C.O. KEITH SPOSATO, C.O.                         :
WESLEY, and C.O. ANTHONY WELLS,                            :
                                                           :
                          Defendants.                      :
                                                           :
-----------------------------------------------------------x
```

Briccetti, J.:

Plaintiff, who is proceeding pro se and in forma pauperis, filed a complaint dated December 20, 2019, alleging defendants violated his constitutional rights. (Doc. #2).

On March 9, 2020, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), defense counsel identified the "John Doe" defendant named in the complaint as C.O. Anthony Wells. (Doc. #11).

Plaintiff filed an amended complaint dated March 30, 2020, and named C.O. Anthony Wells as a defendant. (Doc. #19).

Accordingly, to allow plaintiff to effect service on C.O. Anthony Wells through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons listing this defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants. The service address for this defendant is appended to this Order.

1

<u>It is plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service.</u>  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012).

<u>Plaintiff also must notify the Court in writing if plaintiff's address changes, and the Court may dismiss the action if he fails to do so.</u>

In addition, though plaintiff also named C.O. Patrick Leon McNeil, C.O. Peterson, C.O. Keith Sposato, and C.O. Wesley as defendants in the amended complaint, he included no allegations about them in the amended complaint. (Doc. #19). In view of plaintiff's pro se status, the Court will liberally construe the complaint (Doc. #2) and the amended complaint (Doc. #19) together as the operative complaint. Accordingly, when defendants respond to the complaint, they shall respond to the complaint and amended complaint as if it were a single operative complaint.

Finally, the docket does not reflect the status of service on defendant C.O. Wesley. However, on March 13, 2020, defense counsel filed an appearance on behalf of defendant Wesley. (Doc. #16). And by letter dated the same day, defense counsel requested an extension of defendant Wesley's time to respond to the complaint, but did not indicate if service on Wesley had been made. (Doc. #17). Accordingly, by <u>April 8, 2020</u>, defense counsel shall notify the Court in writing as to whether she is accepting service on behalf of C.O. Wesley. If she does so, that will save time and expense for the Marshal Service.

**CONCLUSION**

The time to answer, move, or otherwise respond to the combined operative complaint is July 6, 2020, for each named defendant in this action.

The Court directs the Clerk of Court to complete the USM-285 form with the address for the listed defendant and deliver all documents necessary to effect service on this defendant to the U.S. Marshals Service.

The Clerk shall mail a copy of this Order to plaintiff at the address on the docket.

In addition, Chambers will mail a copy of this Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: April 1, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

APPENDIX

    Correction Officer Anthony Wells
    Green Haven Correctional Facility
    594 Rt. 216
    Stormville, NY 12582